UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROBERT OLSEN,

    Petitioner,                      CASE NO. 2:08-CV-14606
v.                                     HONORABLE GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    Steven Robert Olsen, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for two counts of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(A). For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

**I. Background**

    On October 10, 2001, petitioner pleaded guilty to two counts of second-degree criminal sexual conduct in the Lapeer County Circuit Court. In exchange for his plea, the prosecutor agreed to dismiss one count of first-degree criminal sexual conduct. On November 20, 2001, petitioner was sentenced to five to fifteen years in prison.

1

On December 27, 2001, petitioner requested the appointment of appellate counsel. On April 5, 2002, the trial court denied petitioner's request, stating that the criteria required by Michigan law for the appointment of appellate counsel in a plea-based conviction had not been met. Because appellate counsel was not appointed for petitioner, he did not pursue a direct appeal.

Petitioner ultimately filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* in which he brought several challenges to his conviction. The trial court denied his motion. *People v. Olsen,* No. 01-007318-FH (Lapeer County Circuit Court, December 5, 2003). The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Olsen,* No. 259314 (Mich.Ct.App. June 24, 2005). On July 23, 2008, the Michigan Supreme Court, in *lieu* of granting leave to appeal, vacated an April 13, 2004 order of the Lapeer Circuit Court, which purported to amend petitioner's judgment of sentence to add a provision barring contact with his minor children. The Michigan Supreme Court remanded the case to the circuit court for reinstatement of the original judgment of sentence, dated November 20, 2001. The Michigan Supreme Court denied leave to appeal with regard to petitioner's remaining claims, because petitioner failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D). *People v. Olsen,* 482 Mich. 881, 752 N.W.2d 465 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Petitioner was denied his 6th Amendment right to counsel for his first-tier appeal when the trial court denied the request for counsel because petitioner was indigent.

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that

petitioner is not entitled to habeas relief on his claim, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

In his sole claim for relief, petitioner claims that he was denied his right to appellate counsel to appeal his plea-based conviction.

A defendant has an absolute right to be represented by counsel on his first appeal from his conviction. *Douglas v. California*, 372 U.S. 353, 356 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83 (1988). The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 395-97 (1985).

In the present case, petitioner pleaded guilty. The Michigan State Constitution was amended in 1994 to provide that "an appeal by an accused who pleads guilty or *nolo contendere* shall be by leave of the court,"rather than by right. Mich. Const., Art. 1, § 20. In the aftermath of this amendment, some trial court judges in Michigan began to deny appointed appellate counsel to indigent defendants who had pleaded guilty or *nolo contendere. See Kowalski v. Tesmer,* 125 S. Ct. 564, 566 (2004). A majority of the Michigan Supreme Court upheld the constitutionality of this practice against challenges based on the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Federal Constitution. *People v. Harris*, 470 Mich. 882; 681 N.W.2d 653 (2004)(Kelly, J.

dissenting and Cavanagh, J. would hold case in abeyance pending the decision in *Kowalski v. Tesmer, supra)*; *People v. Bulger*, 462 Mich. 495; 614 N.W. 2d 103 (2000)(Cavanagh, and Kelly, JJ., dissenting). The Michigan State Legislature codified the practice of limiting the appointment of appellate counsel in guilty plea cases to certain limited situations. *See* M.C.L.A. 770.3a.

In *Halbert v. Michigan,* 545 U.S. 605 (2005), the United States Supreme Court, based on its holding in *Douglas,* held that the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution require the appointment of counsel for defendants who have pleaded guilty or *nolo contendere* and who seek access to first-tier review of their convictions in the Michigan Court of Appeals, even when such appeals are discretionary, rather than as of right. *Id.* at 609-610.

In *Simmons v. Kapture,* 516 F. 3d 450, 451 (6th Cir. 2008), the Sixth Circuit held that the decision in *Halbert* did not apply retroactively to cases on collateral habeas corpus review. The Sixth Circuit based its decision on *Teague v. Lane*, 489 U.S. 288 (1989), in which the Supreme Court held that a state prisoner collaterally attacking his conviction may not rely on a new constitutional rule announced after his conviction became final. *Id.* at 310-11. The Supreme Court acknowledged that it is often difficult to determine when a case announces a new rule, and therefore did not attempt to define the spectrum of what may or may not constitute a new rule for retroactivity purposes. *Id.* at 301. However, a case is

5

generally considered to announce a new rule has when the decision "breaks new ground," "imposes a new obligation on the States or the Federal Government," or "was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* The Sixth Circuit in *Simmons* concluded that *Teague* barred the retroactive application of *Halbert* on collateral review, because *Halbert* announced a "new rule," and that new rule neither decriminalized a class of conduct nor was it a "watershed" rule. *Simmons,* 516 F. 3d at 451.

"A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).

In the present case, petitioner was sentenced on November 20, 2001. Under M.C.R. 7.205(F)(3), petitioner had twelve months from entry of judgment to seek appellate review with the Michigan Court of Appeals. Petitioner never filed a direct appeal with the Michigan Court of Appeals. When an appeal to the Michigan Court of Appeals is delayed by more than twelve months after judgment, a defendant's appeal is foreclosed and he or she is limited to the post-appeal relief provisions of M.C.R. 6.501, *et. seq. People v. Ward,* 459 Mich. 602, 614; 594 N.W. 2d 47 (1999). Because petitioner never filed a direct appeal with the Michigan Court of Appeals, his conviction became final, for purposes of a

6

*Teague* analysis, on November 20, 2002, when the one year period for seeking leave to appeal with the Michigan Court of Appeals expired. *See e.g. Wheeler v. Jones,* 226 F.3d 656, 660 (6th Cir. 2000). *Halbert* was not decided by the United States Supreme Court until almost three years later, on June 23, 2005.

In the present case, petitioner's conviction became final prior to the issuance of the *Halbert* decision. Because *Halbert* does not apply retroactively to cases on collateral habeas corpus review, the rule regarding a right to first-tier discretionary appeals is inapplicable to petitioner's case. Petitioner would therefore not be entitled to habeas relief on this claim.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal

district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claim to be debatable or that it should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers,* 159 F. Supp. 2d at 629.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: November 6, 2008

                              S/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 6, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk